UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAYVION D. BLOUNT,

                        Plaintiff,
                                                                     5:20-CV-0937
v.                                                                 (GTS/TWD)

COUNTY OF ONONDAGA; CITY OF SYRACUSE;
HON. MARY ANNE DOHERTY; TIMOTHY ROULAN;
JOSEPH CENTRA; JANELLE N. ECKER;
HON. THOMAS J. MILLER; ASSIST. DIST. ATTY.
COLIN LYNCH; IAN DUQUETTE; and
ANDREW TORRANCE,

                        Defendants.
_____

APPEARANCES:

SAYVION D. BLOUNT, 20-A-1115
   Plaintiff, *Pro Se*
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Sayvion D. Blount ("Plaintiff") against the City of Syracuse, the County of Onondaga, and the eight above-captioned individuals ("Defendants") pursuant to 28 U.S.C. § 1983, are the following: (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's claims against Defendants Doherty, Miller and Lynch be dismissed with prejudice based on the doctrine of absolute immunity and that Plaintiff's remaining claims be dismissed without prejudice and with leave to amend for failure to state a claim; (2) Plaintiff's Objections

to the Report-Recommendation; and (3) Plaintiff's "Amendment to Complaint." (Dkt. Nos. 8, 13, 14.)   For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's "Amendment to Complaint" is rejected.

I.     RELEVANT BACKGROUND

   A.     **Magistrate Judge Dancks' Report-Recommendation**

Generally, in her Report-Recommendation, Magistrate Judge Dancks rendered the following five findings of fact and conclusions of law: (1) Plaintiff's Section 1983 claims against Defendants Doherty, Miller and Lynch should be *sua sponte* dismissed with prejudice based on absolute immunity and failure to state a claim, because those three Defendants are two judges and an assistant district attorney who were acting within the scope of their judicial and prosecutorial capacities; (2) Plaintiff's municipal liability claims against Defendant City of Syracuse and Defendant County of Onondaga should be *sua sponte* dismissed without prejudice for failure to state a claim, because of his failure to allege facts plausibly suggesting the existence of an official policy or custom that resulted in the deprivation of his constitutional rights; (3) Plaintiff's claims asserted Defendant Roulan, Centra and Ecker (who are attorneys) and Defendants Duquette and Torrance (who are police officers) should be *sua sponte* dismissed without prejudice for failure to state a claim, because of his failure to allege facts plausibly suggesting the existence of state action on behalf of those five Defendants; (4) Plaintiff's remaining constitutional claims (i.e., for unconstitutional conditions of confinement, denial of equal protection, deliberate indifference to serious medical needs) should be *sua sponte* dismissed without prejudice for failure to state a claim, because he has failed to allege facts plausibly suggesting any constitutional violations or even Defendants' personal involvement in

such violations; and (5) the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.   (Dkt. No. 8, at Part IV.)

      B.        **Plaintiff's Objections to the Report-Recommendation**

Generally, liberally construed, Plaintiff's Objections asserts the following four challenges to the Report-Recommendation: (1) Plaintiff's municipal liability claims against Defendants City and County should not be dismissed, because the very fact that wrongdoing was committed against Plaintiff plausibly suggests the existence of an official custom or policy of failing to properly hire, train and/or supervise law enforcement officers, and/or remedy their constitutional violations; (2) Plaintiff's claims against Defendants Duquette and Torrance should not be dismissed, because he has alleged facts plausibly suggesting that they exhibited deliberate indifference by failing to prevent and/or intervene in his assault and failing to address his medical needs after the assault; (3) Plaintiff's Section 1983 claims against Defendant Doherty should not be dismissed, because Magistrate Judge Dancks has misconstrued and misapplied the doctrine of absolute immunity in that Defendant Doherty was not acting within the scope of her judicial capacity but was acting without jurisdiction over Plaintiff and/or with gross mismanagement of his case; and (4) Plaintiff's remaining constitutional claims should not be dismissed because Magistrate Judge Dancks' failed to construe those claims with sufficient liberality in that the claims "clearly state[] what constitutional claims [were] violated and by whom."   (Dkt. No. 13.)

**II.**        **STANDARD OF REVIEW**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were

---

1 *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

2 *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[3]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C)).

**III.   ANALYSIS**

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff has specifically objected and no clear error in the remaining parts of the Report-Recommendation.   Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.   As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only five points.

First, the Court rejects Plaintiff's first objection because the one alleged instance of misconduct (i.e., against Plaintiff) is, based on the facts and circumstances alleged, not sufficient to plausibly suggest such a custom or policy.

Second, the Court rejects Plaintiff's second objection because it ignores the fact that Defendants Duquette and Torrance were not state actors; and, in any event, the Court disagrees that Plaintiff's Complaint has alleged facts plausibly suggesting the actions he references.

Third, the Court rejects Plaintiff's third objection because the factual allegations of his Complaint plausibly suggest that, at the time of the events giving rise to his claims, Judge

---

[4]   *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Doherty was acting within the scope of her judicial capacity (however much he disagrees with her actions).

Fourth, the Court rejects Plaintiff's fourth objection because his claims must not only state what constitutional violations were committed and by whom but must also allege facts plausibly suggesting *how* those violations were committed, which his claims have not done, even when construed with the utmost of special solicitude.

Fifth, and finally, some discussion is warranted regarding Plaintiff's filing of an "Amendment to Complaint" during the pendency of the Report-Recommendation. Rather than wait for the Court to accept or reject Magistrate Judge Dancks' Report-Recommendation, Plaintiff has attempted to cure the pleading defects that she has identified in his Complaint. The Court need not linger on whether Plaintiff has an absolute right to so amend his Complaint under Fed. R. Civ. P. 15 (which arguably requires service, the filing of a responsive pleading or the filing of a motion under Fed. R. Civ. P. 12 before the 21-day deadline to amend as of right is triggered). This is because Plaintiff's "Amendment to Complaint" is a piecemeal pleading, one that attempts to incorporate by reference his original Complaint. (*See, e.g.,* Dkt. No. 14, at 1 [indicating in heading that the amendment is intended to amend "the Statement of Facts" in "Section IV page 4" of his original Complaint].) As Magistrate Judge Dancks clearly advised Plaintiff, "Any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court." (Dkt. No. 8, at 16, n.11.) Moreover, the filing of an amended pleading replaces the original complaint in all respects. (*Id*.) As a result, it would hardly be an extension of special solicitude to Plaintiff for the Court to accept his

"Amendment to Complaint" as an Amended Complaint (because it would result in the immediate dismissal of his action for failure to state a claim).[5]

Under the circumstances, the Court finds that the fairest and most reasonable way to proceed would be for it to reject Plaintiff's "Amendment to Complaint," and permit him thirty days to file a proper Amended Complaint.  He is respectfully reminded that such an Amended Complaint must be a complete pleading that does not incorporate by reference his original Complaint.  He is also respectfully advised that he should use numbered paragraph to separate each alleged occurrence as required by Fed. R. Civ. P. 10(b).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's "Amendment to Complaint" (Dkt. No. 14) is **REJECTED** and shall be **STRICKEN** from the docket by the Clerk of Court; and it is further

**ORDERED** that Plaintiff's Section 1983 claims against Defendants Doherty, Miller and Lynch are *sua sponte* **DISMISSED with prejudice** based on absolute immunity and failure to state a claim pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A; and it is further

**ORDERED** that Plaintiff's remaining Section 1983 claims **SHALL BE** *sua sponte* **DISMISSED with prejudice** (and his state law claims shall be dismissed without prejudice to

---

[5] The Court notes that it would be inappropriate under the circumstances to construe the factual allegations contained in Plaintiff's "Amendment to Complaint" as effectively amending his original Complaint, and then to *sua sponte* apply the analysis of the Report-Recommendation to that effectively amended pleading, for two independent reasons.  First, it would be a waste of judicial resources and frustrate the purpose of the Federal Magistrates Action of 1968. Second, in any event, it would both confuse the Court and unduly prejudice Defendants, who would have great difficulty in admitting and/or denying the factual allegations of such a piecemeal (and poorly paragraphed) pleading.

refiling in state court within the governing time period) **UNLESS**, within **THIRTY (30) DAYS** from the date of this Decision and Order, Plaintiff files an Amended Complaint that cures the pleading defects identified in this Decision and Order (and the Report-Recommendation); and it is further

**ORDERED** that, should Plaintiff file such an Amended Complaint, it shall be referred to Magistrate Judge Dancks for her review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e).

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated: March 15, 2021
       Syracuse, New York

_____
Glenn T. Suddaby
Chief U.S. District Judge